In re:

Hetman, Daniel

Debtor(s)

**SIGNATURE DECLARATION**

Case no. BKY  **12-40071**

___ PETITION, SCHEDULES & STATEMENTS
___ CHAPTER 13 PLAN
___ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
_✓_ MODIFIED CHAPTER 13 PLAN
_✓_ MOTION TO CONFIRM MODIFIED CHAPTER 13 PLAN
___ OTHER (Please describe:_____

I [WE], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

* The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

* The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;

* [individual debtors only] If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;

* I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and

* [corporate and partnership debtors only] I have been authorized to file this petition on behalf of the debtor.

Date: 7/2/13

X _/s/ Daniel A. Hetman_____          X _____
Signature of Debtor or Authorized Representative          Signature of Joint Debtor


Daniel A. Hetman_____          _____
Printed Name of Debtor or Authorized Representative          Printed Name of Joint Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re:   Hetman, Daniel Aaron

**Post-confirmation modified**
**CHAPTER 13 PLAN**

Dated:   July 12, 2013

_____
DEBTOR

Case No.   12-40071

_____
*In a joint case,*
*debtor means debtors in this plan.*
_____

**1. DEBTOR'S PAYMENTS TO TRUSTEE** —

a .As of the date of this plan, the debtor has paid the trustee $ 7650
b. After the date of this plan, the debtor will pay the trustee $  450     per month for  43     months, beginning July, 2013 after the filing of this plan for a total of  $19,350 or until all allowed claims are paid in full, whichever happens first.
Minimum plan length is 60  months from the date of initial plan payment unless all allowed claims are paid in less time.
c. The debtor will also pay the trustee _____
d. The debtor will pay the trustee a total of  $19,350        fr*om the date of modification.*

**2. PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proofs of claim have been filed.  The trustee may collect a fee of up to 10% of plan payments, or $ 1,935.00 [line 1(d) x .10].

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** – The trustee will promptly pay from available funds *the remaining balance of* adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| *Creditor* | *Monthly Payment* | *Number of Months* | *Total Payments* |
|---|---|---|---|
| a. | | | |
| b. | | | |
| c.TOTAL | | | $ |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** –  The debtor assumes the following executory contracts or unexpired leases.  Cure provisions, if any, are set forth in ¶ 7.

| *Creditor* | *Description of Property* |
|---|---|
| a. | |
| b. | |

**5. CLAIMS NOT IN DEFAULT** –  Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| *Creditor* | *Description of Claim* |
|---|---|
| a. | |
| b. | |
| c. | |

**6. HOME MORTGAGES** *REMAINING*  **IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. **All following  entries are estimates.** The trustee will pay the *actual remaining balance* of amounts of default.

| *Creditor* | *Amount of Default* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
|---|---|---|---|---|---|
| a. Bank of America | 16282.61 | 300/400 | 19/20 | 40 | 16282.61 |
| b. | | | | | |
| c. | | | | | |
| d. TOTAL | | | | | $ |

**7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** — The trustee will cure *the remaining balance* of defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

| Creditor | Amount of Default | **Int. rate (if applicable)** | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | | | | | | |
| b. | | | | | | |
| c. **TOTAL** | | | | | | $_____ |

**8. OTHER *REMAINING* SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.
*Amount to be paid reflects remaining balance. Interest on the following claim has been pre-computed from earlier plan.*

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning in Month # | (Monthly Payment) | X | Number of Payments) | = | Payments on Account of Claim | + | (Adequate Protection from ¶ 3) | = | **TOTAL PAYMENTS** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| a. | | | | | | | | | | | | | |
| b. | | | | | | | | | | | | | |
| c. | | | | | | | | | | | | | |
| d. TOTAL | | | | | | | | | | | | | $ |

**9. *REMAINING* PRIORITY CLAIMS** — The trustee will pay in full *the remaining balance of* all claims entitled to priority under § 507, including the following. *The amounts listed are estimates*. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $500* | 400/100 | 18/19 | 2 | 500 |
| b. Domestic support | $ | | | | |
| c. IRS | $ | | | | |
| d. MN Dept. of Rev. | $ | | | | |
| e. postpetition IRS | $1 | | | | |
| f. TOTAL | | | | | $   500 |

*$2757 paid prior to modification, $500 added pursuant to Local Rule 2016-1(d)(2).

**10. SEPARATE CLASS OF *REMAINING* UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows: _____
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates*.

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | | | | | | |
| b. | | | | | | |
| c. TOTAL | | | | | | *$* |

**11. TIMELY FILED *REMAINING* UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8,  9 and 10 their pro rata share of approximately $1,420    [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)].
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $.
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ 44,661
c. Total estimated unsecured claims are $ 44,661    [line 11(a) + line 11(b)].

**12. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS — The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.**
-To the extent that Child Support is an unsecured claim for AFDC reimbursement, it shall be designated a separate class and paid in full.  Child Support Collections is authorized to continue automatic wage withholding for ongoing, post-petition child support.  Child Support Collections may obtain, modify and enforce the debtor's current ongoing child support obligation, including medical support and child care, including wage withholding.
-If a foreclosure occurs on debtor's real estate during the term of the Chapter 13 Plan, the debtor(s) shall cease mortgage payments pursuant to Paragraph 5 and/or 6 of the Plan, and any remaining deficiencies on all mortgages secured by the property foreclosed shall be treated and discharged as general unsecured claims under the Plan.
-Claims filed as secured, but for which the plan makes no express provision shall be paid as unsecured claims as set forth in Paragraph 11 above.
-Debtor(s) shall be entitled to the first $1200 for an individual and $2000 for a couple, of each year's tax refunds, and any remaining balance shall be paid to the trustee.  Any Earned Income Credit shall be retained by the debtor(s).
-Pursuant to 11 USC Sec. 1305(a)(1), claims for December 31, 2011 post-petition federal income taxes are to be included in the plan.
-If the plan provides for payment of an obligation by a 3rd party or co-debtor, and a default occurs, any resulting claim shall be treated and discharged as a general, unsecured claim.
-Secured creditors are authorized to and shall continue to send the debtor(s) billing statements unless the Plan provides for surrender of the collateral
-The Trustee may distribute additional sums not expressly provided at the trustee's discretion.
-This plan does not release creditors from their ongoing duty to correct and update information with consumer reporting agencies as required by Section 623 of the Fair Credit Reporting Act. Secured creditors shall continue to report all payments received on account of secured claims to consumer reporting agencies.

**14. CLAIM HELD BY Wings Financial UNDER 11 USC SECTION 506**
-The debtor's residential property located at 230 Craigbrook Way, Fridley MN, 55432 and legally described as Lot 5, Block 7, Pearson's Craigway Estates 2nd Addition, Anoka County, Minnesota is encumbered by a first mortgage held by Bank of America and a second mortgage recorded as document (#494054.002) held by Wings Financial (hereinafter "junior lienholder"). The debtor shall file a motion pursuant to 11 U.S.C. sec.506(a) for determination that the junior lienholder's claim in this case is unsecured in its entirety and therefore, void pursuant to 11 U.S.C. sec. 506(d). If the motion is granted, the chapter 13 trustee shall treat any timely claim filed by the junior lienholder as an unsecured claim.
- The debtor's co-tenant in the homestead located at 230 Craigbrook Way, Fridley MN, 55432 and legally described as Lot 5, Block 7, Pearson's Craigway Estates 2nd Addition, Anoka County Minnesota, settled the mortgage held by Citimortgage against this property. This mortgage has been released and no longer encumbers the property, nor has a claim against the bankruptcy estate. Release of this lien has made Wings Financial Credit Union into the second lienholder on the subject Craigbrook Way property.

**15. SUMMARY OF PAYMENTS** —Estimated from the date of modification

| | |
|---|---:|
| Trustee's Fee [Line 2] .................................................... $ | 1,935.00 |
| Home Mortgage Defaults [Line 6(d)] ................................................... $ | 16,282.61 |
| Claims in Default [Line 7(d)] ........................................... $ | |
| Other Secured Claims [Line 8(d)] ................................................... $ | |
| Priority Claims [Line 9(f)] .................................................... $ | 500 |
| Separate Classes [Line 10(c)] ............................................... $ | |
| Unsecured Creditors [Line 11] .................................................... $ | 632.39 |
| **TOTAL [must equal Line 1(d)]** .................................................... $ | **19,350** |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*

| | |
|---|---|
| Law Office of Curtis K. Walker | Signed /s/ Daniel Hetman |
| Curtis K. Walker, #113906 | Debtor |
| Mary C. Hoben, #335411 | |
| Andrew C. Walker #0392525 | |
| Michael A. Stephani #0390262 | |
| 4356 Nicollet AV S | |
| Minneapolis MN 55409 | |
| (612) 824-4357 | |
| | Signed /s/ _____ |
| | Debtor (joint case) |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

**IN RE: Hetman, Daniel Aaron**               Case no. BKY 12-40071

        Debtor                         **Chapter 13**

UNSWORN CERTIFICATE OF SERVICE

I, Andrew C. Walker, declare under penalty of perjury that on July 12, 2013, I mailed copies of the foregoing Postconfirmation Modified Plan, by first class mail postage prepaid to each entity named below at the address stated below for each entity:

United States Trustee
1015 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

Jasmine Keller
Chapter 13 Trustee
310 Plymouth Building
12 South Sixth Street
Minneapolis, MN  55402

Ken Betzler, cotenant and codebtor
230 Craigbrook Way
Fridley MN 55432

and by certified mail to:

Bank of America, N.A. c/o Brian T. Moynihan, CEO
100 North Tryon St
Charlotte NC 28202

Wings Financial Credit Union
c/o R. Frank Weidner, President & CEO
14985 Glazier Ave, Ste 100
Apple Valley, MN 55124-6539

And Creditors on attached list

Executed on:  July 12, 2013                     /e/ Andrew C. Walker
                                                                  Curtis K. Walker #113906
                                                                  Mary C Hoben, #335411
                                                                 Andrew C. Walker #392525

4356 Nicollet Avenue South
Minneapolis, MN  55409
(612) 824-4357

| | | |
|---|---|---|
| AID Associates INC<br>dba Plaza Assoc JAF Station<br>PO Box 2769<br>New York NY 10116 2769 | CitiCards/Bank Correspondence<br>PO Box 6500<br>Sioux Falls SD  57117 | Home Depot Citi Cards<br>Private Label Bankruptcy<br>PO Box 20483<br>Kansas City  MO 64195 |
| American Accounts & Advisers, Inc.<br>7460 80th St S<br>Cottage Grove MN 55016 | CitiMortgage Correspondence<br>PO Box 660065<br>Dallas TX  75266 | HSBC Card Services<br>PO Box 15221<br>Wilmington DE  19850 |
| Associated Recovery Systems<br>PO Box 469046<br>Escondido CA 92046-9046 | Client Services<br>3451 Harry Truman Blvd<br>St. Charles MO 63301 4047 | Intermed Consultants<br>6200 shingle Crk Ste 300<br>Brooklyn Center MN 55430-2168 |
| AT&T Universal Card Customer Service<br>PO Box 6500<br>Sioux Falls, SD 57117-6500 | Credit One Bank<br>PO Box 98873<br>Las Vegas NV  89193 | JC Penneys/GE Capital Retail Bank<br>Attn Bankruptcy Dept<br>PO Box 103104<br>Roswell GA  30076 |
| Bank of America Home Loans Customer Service<br>PO  Box 5170<br>Simi Valley CA 93062 5170 | Discover Card<br>PO Box 30943<br>Salt Lake City UT   84130 | Johnson Rodenberg & Lauinger<br>1004 East Central Avenue PO Box 4127<br>Bismark ND 58502-4127 |
| Barclay's Bank Delaware<br>PO Box 8803<br>Wilmington DE  19899 | Diversified Adjustment Service Inc<br>600 Coon Rapids Blvd<br>Coon Rapids MN 55433 | Ken Betzler<br>230 Craigbrook Way<br>Fridley MN 55432 |
| Blue Cross Blue Shield of Minnesota<br>PO Box 64560<br>St. Paul, MN 55164 | Financial Recovery Services Inc<br>PO Box 385908<br>Minneapolis MN 55438 | Law Offices of Curtis K. Walker<br>4356 Nicollet Ave So<br>Minneapolis, MN 55409 |
| Capital One Bankruptcy Dept<br>PO Box 5155<br>Norcross GA   30091 | First Premier Bank Correspondence<br>PO Box 5524<br>Sioux Falls SD 57117 5524 | Leading Edge Recovery Solutions<br>5440 N Cumberland Ave Ste 300<br>Chicago IL 60656-1490 |
| Chase<br>PO Box 15298<br>Wilmington DE 19850 5298 | Frontline Asset Strategies<br>1935 West County Rd B2 Ste 425<br>Roseville MN 55113-2797 | Legacy Visa/ First National Credit Card<br>PO Box 2677<br>Omaha NE 68103 |
| Chase cardmember service<br>PO Box 15821<br>Wilmington DE 19850-5821 | HFC/HSBC<br>650 County 10 NE<br>Blaine MN 55434 | LHR<br>354 Rust Lane<br>Boerne TX 78006-8202 |

LVNV Funding LLC
PO Box 10584
Greenville SC 29603

Orchard Bank
HSBC Card Services
PO Box 80084
Salinas CA 93912-0084

Wings Financial
14985 Glazier Avenue ste 100
Apple Valley MN  55124 7490


Macys Bankruptcy Processing
PO Box 8053
Mason OH  45040

Park Nicollet
3800 Park Nicollet Blvd
St Louis Park MN  55416 2699


Mainstreet Acquisition Corp
c/o Frontline Asset Strategies
1935 W County Rd B2 #425
Roseville MN 55113

Peterson Fram Bergman
55 East Fifth Street 800
St Paul MN 55101


Malacko Law Office
PO Box 135
Cottage Grove MN 55016

Portfolio Recovery Associates
LLC
120 Corporate Blvd
Norfolk VA 23502


MCM
8875 Aero Dr
Ste 200
San Diego CA  92123

Quello Clinic LTD
7801 East Bush Lake Road #300
Bloomington MN 55439-3150


MCM
PO Box 939033
San Diego CA 92193

Sears Credit Cards
PO Box 6283
Sioux Falls SD  57117 6283


MRS Associates
1930 Olney Ave
Cherry Hill NJ 08003

Spire Federal Credit Union
PO Box 131450
Roseville MN 55113-0013


North Shore Agency
PO Box 4945
Trenton NJ 08650

Stewart Zlimen and Jungers Ltd
2277 Highway 36 West RM 100
Roseville MN  55113


Northland Group Inc
PO Box 390846
Edina MN 55439

US Bank
Bankruptcy Dept
PO Box 5229
Cincinnati OH 45201 5229


Northstar Location Services
4285 Genesee St
Cheektowaga NY 14225-1943

Wings Financial
14984 Glazier Avenue ste 100
Apple Valley MN  55124 7490